UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 22-2100-MEMF (KS)                                              Date: June 7, 2022

Title   *Edward Dominik Alexis Acuna v. San Luis Obispo Parole Office*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: n/a            Attorneys Present for Respondent: n/a

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 18, 2022, Edward Dominik Alexis Acuna ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (Dkt. No. 1.)  Petitioner erroneously filed this action in the United States District Court for the Southern District of California, and that court transferred the case to the Central District of California on March 28, 2022.  (Dkt. No. 2.)  The Petition presents three grounds for relief targeted at a 2020 conviction and sentence in the San Luis Obispo County Superior Court.  (Dkt. No. 1 at 1-2, 9-12.)

After promptly screening the Petition, on April 21, 2022, the Court notified Petitioner that the Petition appeared to be subject to dismissal as a "mixed," *i.e.*, partially unexhausted, habeas petition.[2]  (Dkt. No. 5.)  In response, Petitioner had the option of doing one of the following no later than May 23, 2022:

---

[1] Petitioner erroneously used a form for filing federal habeas petitions under 28 U.S.C. § 2241.  (*See* Dkt. No. 1 at 1.)  However, as Petitioner is a state prisoner in custody pursuant to a conviction in the San Luis Obispo County Superior Court, this action is governed by 28 U.S.C. § 2254.

[2] The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Exhaustion requires that a petitioner's claim be fairly presented to the state supreme court, even if that court's review is discretionary.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  A claim is fairly presented only if the petitioner described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971)); *Andrews v. Davis*, 798 F.3d 759, 789 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2100-MEMF (KS)                              Date: June 7, 2022

Title   *Edward Dominik Alexis Acuna v. San Luis Obispo Parole Office*

(1) allow the Petition to be dismissed without prejudice (Option One);

(2) voluntarily dismiss the unexhausted claims and proceed only with the exhausted claim in the Petition (Option Two);

(3) file a Request for a *Rhines* Stay[3] in which Petitioner establishes all of the following:  (a) he had good cause for his failure to exhaust his unexhausted claims, (b) the unexhausted claims are "potentially meritorious," and (c) the petitioner has not engaged in "intentionally dilatory litigation tactics" (Option Three); or

(4) file a Request for a *Kelly* Stay[4] in which Petitioner dismisses the unexhausted claims and explains why these claims will still be timely when he completes the state court exhaustion process, lifts the stay, and tries to amend the Petition to add these claims back (Option Four).

Two weeks have passed since Petitioner's May 23, 2022 deadline for responding to the Court's April 21, 2022 Order, and Petitioner has not filed a response, requested a stay or dismissal of his unexhausted claims, or otherwise communicated with the Court about his case. The Court specifically warned Petitioner that his failure to timely respond to the Court's April 21, 2022 Order may be deemed to constitute an exercise of Option One and result in the dismissal of the Petition.  (Dkt. No. 5 at 5.)  The action is now subject to dismissal for failure to prosecute and comply with court orders—as well as for lack of complete exhaustion.

---

[3]     With a *Rhines* stay, the whole Petition is stayed and held in abeyance until the state court exhaustion process is complete.  *See Rhines v. Weber*, 544 U.S. 269 (2005).

[4]     With a *Kelly* stay, the petitioner amends the "mixed" petition by deleting the unexhausted claims, the amended and now fully exhausted petition is then stayed, the petitioner exhausts his claims in state court, and the petitioner then returns to federal court and is allowed to amend the stayed petition to include the newly exhausted claim, *See King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009) (confirming the continued viability of the stay procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)).  However, "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition, once he has exhausted them, only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  *Id.* at 1140-41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2100-MEMF (KS)                                      Date: June 7, 2022

Title    *Edward Dominik Alexis Acuna v. San Luis Obispo Parole Office*

Nevertheless, in the interests of justice, **Petitioner is granted one final opportunity to amend the Petition to avoid dismissal.**

Accordingly, **Petitioner is HEREBY ORDERED to show cause no later than June 28, 2022 why this action should not be dismissed.** To discharge this Order and proceed with this action, Petitioner must file, no later than the June 28, 2022 deadline, <u>one</u> of the following:

> **(1)** a First Amended Petition that establishes that the state court exhaustion process is complete (*i.e.*, Petitioner has fairly presented all claims to the California Supreme Court and knows the outcome of the California Supreme Court's decision on those claims);
>
> **(2)** a signed document entitled Notice of Voluntary Dismissal of Unexhausted Claims (Grounds Two and Three) in which Petitioner dismisses the unexhausted claims and proceeds only with his exhausted claim in the Petition;
>
> **(3)** a signed Request for a *Rhines* Stay in which Petitioner establishes all of the following: (a) he had good cause for his failure to exhaust his unexhausted claims, (b) the unexhausted claims are "potentially meritorious," and (c) Petitioner has not engaged in "intentionally dilatory litigation tactics"; **OR**
>
> **(4)** a signed Request for a *Kelly* Stay in which he dismisses the unexhausted claims (Grounds One, Two, and Six) and explains why these claims will still be timely when he completes the state court exhaustion process.

Additionally, if Petitioner requests a stay (*Rhines* or *Kelly*), he is strongly encouraged to indicate his preferred second and third choice if his request for a stay is denied.

Alternatively, if Petitioner no longer wishes to proceed with this action, he may file a signed document entitled "Notice of Voluntary Dismissal," which will result in the dismissal of the Petition in its entirety without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2100-MEMF (KS)                             Date: June 7, 2022

Title   *Edward Dominik Alexis Acuna v. San Luis Obispo Parole Office*

**Petitioner's failure to timely comply with this Order will result in a recommendation of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41-1.**

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr